CAMPBELL *v.* SCHOOL DISTRICT NO. 2, FRACTIONAL, OF BROOKS AND EVERETT TOWNSHIPS.

SCHOOLS AND SCHOOL DISTRICTS — CONTRACT FOR TRANSPORTING CHILDREN—FAILURE OF CONTRACTOR TO OBTAIN LICENSE JUSTIFIED CANCELLATION—MOTOR VEHICLE LAW.

> A school board was justified in canceling a contract for the transportation of school children, where, after the contract had been in force for two months, neither the contractor, who owned the automobile used, nor his children who drove it, had obtained a license as either driver or chauffeur, as required by Act No. 368, Pub. Acts 1919, as amended by Act No. 91, Pub. Acts 1921, and no showing was made of any intention to comply with the act.

Error to Newaygo; Barton (Joseph), J.    Submitted June 11, 1926.    (Docket No. 94.)    Decided May 3, 1927.

Assumpsit by Charles Campbell against school district No. 2, fractional, of Brooks and Everett townships, for breach of a contract of hiring.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Affirmed.

*Robert J. Quail* (*Dunham & Cholette,* of counsel), for appellant.

*Harold J. Cogger* and *William J. Branstrom,* for appellee.

STEERE, J.    Plaintiff sued defendant to recover damages for an alleged breach of contract.    On September 1, 1924, plaintiff made a written contract with defendant to transport small school children from their

Schools and School Districts, 35 Cyc. p. 966.

homes in the country to the public school at Newaygo, for which he was to be paid $320, or $40 a month for 8 months.    At expiration of two months defendant canceled the contract.    At the end of the testimony offered on the trial, defendant moved for a directed verdict because the contract was signed by but one member of the school board and because plaintiff could not legally enter into the contract.    The trial judge thought the first reason was not sufficient because the school board had ratified the contract by making two monthly payments thereunder.    He, however, was of opinion that, as plaintiff was transporting the school children in an automobile operated by a person not licensed to operate an automobile, the school board had a right to cancel the contract, and directed a verdict in favor of the defendant.    The case is brought to this court for review by appropriate assignments of error.

The claim of counsel for appellant is in substance:

"That the parties did not contemplate carrying out the contract by automobile alone; that defendants desired to terminate the contract and seized upon this as a pretext.    He claims that his employment was incidental or casual; he was using his own automobile; that he did not hold himself out to the public as a chauffeur and the court therefore was in error in holding him to be a chauffeur.    He claims further that the court erred as a matter of law in directing a verdict for the defendant, and that the record presents clear cut questions of fact which should have been submitted to the jury."

Counsel then proceed to argue at considerable length as to what constitutes a chauffeur.    The facts are not in dispute.    The plaintiff testified, in substance, that after making the contract he transported the children for two months in an automobile owned by himself.

"I had two children of my own going to high school at Newaygo.    My children operated this car.    *    *    *    My son and daughter, acting as my agents, drove the

automobile and performed the contract. * * * I know my son and daughter did not have chauffeur's licenses."

The record also discloses that plaintiff himself could not drive an automobile. It fails to show that he offered to have his automobile driven by any one authorized to operate a car and also fails to show how old the operators of the car called by the plaintiff "my children" were.

Section 1 of Act No. 368, Pub. Acts 1919, as amended by Act No. 91, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4832 [3]), reads in part as follows:

"Every person hereafter desiring to operate a motor vehicle upon the public highways of this State, shall first obtain a license for that purpose as hereinafter provided, but no such license shall be issued unless the applicant is over fourteen years of age." * * *

Section 10 of said act provides a penalty if any person operates a motor vehicle without obtaining said license.

Act No. 383, Pub. Acts 1919, § 1 (Comp. Laws Supp. 1922, § 4797), in force during the period of this contract, provides in part:

"The term 'chauffeur' shall mean any person operating a motor vehicle for hire, or as the employee of the owner thereof."

It further provides in section 24 that every person desiring to operate a motor vehicle as a chauffeur shall annually file in the office of the secretary of State an application, together with an affidavit as to the truth of the facts therein alleged, setting forth among other things that the applicant is over 18 years of age. Penalty is also provided for violation of this act by 1 Comp. Laws 1915, § 4824, also in force during the time of this contract. It is shown that neither plaintiff nor his children who did the driving had a chauffeur's license, and it is not shown that any of

them had any kind of a license to operate a motor vehicle. The method pursued by the plaintiff in carrying out his contract was illegal, and there is nothing in the record to indicate he intended to change his method. The school board not only had the right, under the circumstances, to cancel the contract, but it would have failed in its duty had it not done so.

The judgment is affirmed, with costs to the appellee.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.